## The Kawneer Company, Appellant, *v.* W. J. Schoonover Glass Co.

336

Argued March 4, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, BALDRIGE, and GRAFF, JJ.

*George W. Ellis,* and with him *Vandling D. Rose* and *Joseph F. Gunster,* for appellant.—A setoff or counterclaim must be pleaded with as much certainty as a plaintiff's statement of claim. Gardner v. Madonna, 87 Pa. Superior Ct. 408; Gross v. Exeter Machine Works, 277 Pa. 363.

*George Morrow,* for appellee.—In an action of assumpsit based on a contract, the statement of claim must set forth whether the contract was oral or written, unless from the whole statement an irresistible inference arises which establishes the class to which it belongs. Syncavage v. Morris, 8 D. & C. 153; Cramp Co. v. C. R. Corp., 268 Pa. 14.

OPINION BY TREXLER, P. J., July 21, 1930:

Plaintiff is a corporation engaged in the business of manufacturing goods, wares and merchandise for glass store front construction. In an action brought to recover $2,000, the price of goods and material sold and delivered to defendant corporation, the latter filed

a third affidavit of defense and counterclaim, after the court below had sustained exceptions to the second affidavit of defense and counterclaim. The third affidavit of defense is wholly insufficient because, as stated by the court below, it "does not deny a single detail of the plaintiff's claim. But it sets up a counterclaim, wherein it is averred that defendant had, for a number of years, been purchasing supplies from plaintiff; that on or about March 18, 1925, defendant wrote plaintiff a letter, of which it kept no copy, the contents of which were as follows:. "I have been asked to submit a bid to supply the metal windows for the new Pittston Hospital, Pittston, Pa. I believe your windows will meet their requirements and won't you submit me figures and details that will enable me to figure this job;" that plaintiff received the letter and within one week from the time it was written its agent and representative, Alfred E. Reinhart, "called on defendant at his office" in Scranton, Pa., with the above mentioned letter and told defendant that the letter had been received by plaintiff, "who had sent him to state that the metal windows and casings could not be sold to defendant as other merchandise had been, because it required special training and work properly to install the windows, and for this reason they were always installed by employees of the plaintiff company employed for that particular purpose and consequently the windows were not sold to contractors and other parties, . . . . . . . but that instead of this the contractors and representatives who secured an order for such windows were paid a commission of ten per cent. on the amount received for the sale price, but the material was sent direct to the purchaser and installed by the plaintiff;" that Reinhart "then having possession of defendant's letter to the plaintiff company and being sent by plaintiff to give defendant the information, and instruction asked for in the letter stated and agreed

and promised on behalf of the plaintiff that the defendant would be paid a commission of ten per cent. on the price received for the windows if they were purchased by the hospital;'' that upon defendant's recommendation and advice the Pittston Hospital authorities purchased the windows from plaintiff and paid to it an amount over $20,000, which the latter received on or about June 1, 1926; that defendant was unable to state definitely the date or the amount, because plaintiff had refused to furnish the information upon request and defendant had been unable to secure the information from the authorities of the Pittston Hospital; that, although plaintiff ''agreed through its authorized agent aforesaid to pay such commission it has thus far refused and neglected to do so, and the plaintiff is, therefore, indebted to the defendant for the amount of this commission of $2,000 ...... which is here stated as a counterclaim against the claim set forth by the plaintiff in the statement.'' Plaintiff's motion for judgment for want of a sufficient affidavit of defense and counterclaim was discharged and plaintiff was given fifteen days to file its answer to the counterclaim. Plaintiff has appealed.

The only question raised before us is as to the sufficiency of the counterclaim. The principal grounds of attack made upon it in the court below were: (1) That it fails to state whether defendant's claim is based on an oral or written contract as required by section 9 of the Practice Act of May 14, 1915, P. L. 483; and (2) that it fails to allege the authority of Reinhart, plaintiff's alleged agent, to bind plaintiff by the contract set up.

(1) While the counterclaim contains no specific averment that the agreement was oral and it would have been better pleading to make such an averment, the allegation that Reinhart ''called'' on defendant and ''told'' it, etc., and ''stated and agreed and promised,''

sufficiently discloses that the agreement relied upon was oral and not written. Therefore, we are constrained to hold that in this respect there was a sufficient compliance with the statute.

(2) Appellant contends that the counterclaim does not contain a sufficient allegation of the authority of Reinhart, plaintiff's agent, to bind it to the contract set up therein. The counterclaim asserts that the plaintiff company gave the letter which defendant had written to it in regard to furnishing its product to a hospital about to be constructed, to its representative in order that he might give the defendant "the information and instruction asked for in the letter." An arrangement resulted by which plaintiff's product was furnished directly, but the contractor was to receive ten per cent. for its intervention in procuring the contract for the plaintiff. It acted on the instruction given and procured the contract. The counterclaim states "the plaintiff agreed through its authorized agent aforesaid to pay such commission." The lower court regarded this statement sufficient. We see no good reason for differing with it. Evidently it considered that the ends of justice would be met by letting the matter to a jury and although the counterclaim might have been set out more in detail, it was sufficient to apprise the plaintiff of what proof it was to meet at the trial.

The judgment is affirmed.